IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ADRIAN L. WILLIAMS, | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 3:18-CV-3248-M-BK |
| | § | |
| AT&T COMMUNICATIONS | § | |
| OF TEXAS, LLC, | § | |
| DEFENDANT. | § | |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case has been referred to the undersigned United States magistrate judge for pretrial management. Doc. 2. Before the Court is *Plaintiff's Motion for Remand*. Doc. 6. For the reasons that follow, the motion should be **DENIED**.

I. BACKGROUND

This case originated in the Justice Court for Precinct 4, Place 1, Dallas County, Texas. Doc. 1-1 at 7. *Plaintiff's Original Small Claims Petition*, filed November 8, 2018, alleges in its entirety: "ATT Communications of TEXAS LLC is withholding my vacation pay for 2018." *Id.* Plaintiff seeks monetary damages of $4,767.06 and unspecified punitive damages. *Id.* Within a month of filing, Defendant removed the case to this Court alleging that Plaintiff's claim is completely preempted by section 301 of the Labor Management Relations Act ("LMRA"). Doc. 1 at 3-4. Plaintiff now moves for remand. Doc. 6.

## II. PARTIES' ARGUMENTS[1]

Plaintiff argues that the "broad preemptive effect of § 301" does not apply in every case involving a collective bargaining agreement ("CBA"). Doc. 7 at 3. Specifically, Plaintiff contends that a "state law claim is not preempted if it merely requires reference to a [CBA.]" Doc. 7 at 4. Furthermore, Plaintiff argues removal is improper because his claim is rooted in the Texas Labor Code and this dispute does not require interpretation of the subject CBA since Plaintiff is "seeking the plain, black letter, provisions of the CBA." Doc. 7 at 6-7. Plaintiff requests reimbursement of costs and expenses "associated with this removal." Doc. 7 at 8.

Defendant responds that Plaintiff "essentially concedes" that his claim is rooted in a CBA by "citing and quoting multiple provisions of the [CBA] under which he contends he is owed vacation pay." Doc. 9 at 4. Defendant argues that Plaintiff's claim is actually "a breach of contract claim—and the CBA is the contract." Doc. 9 at 4. Defendant further argues that since "there is no independent basis for Plaintiff's claim other than the CBA," Plaintiff's claim is "automatically preempted." Doc. 9 at 4-5. Defendant also counters that Plaintiff "is not entitled to fees because this action is removable and properly removed." Doc. 9 at 6.

## III. LEGAL STANDARD

A defendant may remove a state court action to federal court only if the action could have originally been filed in federal court. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Therefore, absent diversity jurisdiction, a federal question must be present for removal to be proper. *Id.*

---

[1] As an initial matter, Plaintiff argues that remand is warranted because, in a separate state court action, Defendant "failed to timely remove," and that Defendant's removal here is its second "bite of the apple." Doc. 7 at 3. However, Plaintiff fails to provide any support for its assertion that a deadline in a separately filed case applies here and the Court is aware of none.

Under the well-pleaded complaint rule, federal question jurisdiction "exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.* (citing *Gully v. First Nat. Bank*, 299 U.S. 109, 112-13 (1936)). Potential defenses, including federal preemption, do not provide a basis for removal. *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 2 (2003).

An exception to the well-pleaded complaint rule is the "complete pre-emption doctrine." *Caterpillar Inc.*, 482 U.S. at 393. Under that exception, "[o]nce an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Id.*

In applying complete preemption, a court "is required to look beyond the face of the complaint to determine if federal law 'so forcibly and completely displace[s] state law that the plaintiff's cause of action is either wholly federal or nothing at all.'" *Burnett v. Petroleum Geo-Servs., Inc.*, No. 3:12-CV-4499-D, 2013 WL 1723011, at * 2 (N.D. Tex. Apr. 22, 2013) (Fitzwater, C.J.) (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995).

**IV.   ANALYSIS**

Section 301 of the LMRA provides:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties[.]

29 U.S.C. § 185(a).

A state law claim is completely preempted by section 301 when it is "substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985). Conversely, a state law

3

claim is not preempted where it "do[es] not depend on interpretation of the CBA." *Scharnberg v. Dallas Opera*, No. 3:17-CV-1631-M, 2017 WL 3382462, at *1 (N.D. Tex. Aug. 7, 2017) (Lynn, C.J.). (citing *Lingle v. Norge Division of Magic Chef, Inc.*, 486 U.S. 399, 409-10 (1988)).

Moreover, a claim is "automatically preempted" where the claim is one for breach of a CBA. *Parham v. Carrier Corp.*, 9 F.3d 383, 390 (5th Cir. 1993) (finding that a claim for breach of a CBA was "automatically preempted by section 301," and, thus, the court need not "consider whether [the claim] require[d] interpretation of the CBAs").

Plaintiff's claim is automatically preempted by section 301 because it seeks to enforce a CBA. Although Plaintiff does not reference the CBA in his *Original Small Claims Petition*, in his *Motion for Remand*, Plaintiff informs the Court he is "seeking the plain, black letter, provisions of the CBA" and "pay [in] lieu of vacation time" through sections 3 and 4 of the CBA. Doc. 7 at 5-7. As such, Plaintiff's claim is one for breach of the CBA, *i.e.*, Plaintiff seeks to enforce the CBA because Defendant allegedly has not complied with it.

Moreover, even if Plaintiff's claim was not automatically preempted, it would still be preempted because it requires the Court to interpret the CBA. Although unclear, as his state court petition is devoid of factual enhancement, it appears Plaintiff argues that he did not "waive" his right to vacation pay under section 3 of the CBA and is therefore entitled to it. Doc. 7 at 5. Such an argument would call the Court to interpret the agreement and, *inter alia*, ascertain the intent of the parties under it. *See e.g.*, *Advocare Intern. L.P. v. Horizon Laboratories, Inc.,* No. 3:04-CV-1988-H, 2006 WL 278993, at *3 (N.D. Tex. Feb. 6, 2006) (Sanders, J.) ("Under Texas law, contract interpretation is a question for the court . . . the court's primary goal is to ascertain the true intent of the parties from the four corners of the agreement.").

4

In addition, Plaintiff informs the Court that he previously "amended his claim to exclude allegations regarding the CBA." Doc. 7 at 2. But Plaintiff cannot "avoid federal jurisdiction by simply 'artfully pleading' a federal cause of action in state law terms." *Avitts v. Amoco Production Co.*, 53 F.3d 690, 693 (5th Cir. 1995) (citation omitted).

Finally, Plaintiff's request for costs and expenses should be denied. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Because removal was proper, however, no award of fees and costs is warranted.

### V.  CONCLUSION

For the foregoing reasons, Plaintiff's *Motion for Remand*, Doc. 6, should be **DENIED**.

**SO RECOMMENDED** on April 4, 2019.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).