## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **ADRIAN L. WILLIAMS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **NO. 3:18-CV-03248-M-BK** |
| | § | |
| **SOUTHWESTERN BELL TELEPHONE** | § | |
| **COMPANY,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |
| | § | |

### DEFENDANT'S MOTION FOR ATTORNEYS' FEES AND BRIEF IN SUPPORT

Defendant Southwestern Bell Telephone Company ("SWBT" or "Defendant") moves for an award of attorneys' fees under 28 U.S.C. § 1927 and/or the Court's inherent power against Plaintiff Adrian Williams ("Plaintiff") and his counsel for attempting to assert frivolous claims.

## I.
## INTRODUCTION

Before Plaintiff filed his Motion for Leave to File Amended Pleading ("Motion"), SWBT's counsel's warned Plaintiff's counsel that Plaintiff's § 301 claims were untimely and that SWBT would seek its attorneys' fees if Plaintiff attempted to amend his Complaint to assert them. Nevertheless, Plaintiff proceeded to file the Motion, ignoring well-established legal authority and causing SWBT to incur unnecessary legal fees to respond to the Motion. The Court recently denied Plaintiff's Motion in relevant part and noted that if SWBT wished to pursue sanctions, it could submit the appropriate motion. [Dkt. 25 at 4]. Accordingly, SWBT now files this motion for attorney's fees.

**II.**
**RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

On November 8, 2018, Plaintiff filed suit in justice court, styled *Adrian L. Williams v. AT&T Communications of Texas LLC*, Cause No. 1800319G, alleging that Defendant was withholding his vacation pay for 2018.  [Doc. 1-1 at p. 7].  Defendant timely removed the case to this Court on the grounds that Plaintiff's claim for vacation pay was a claim for breach of a labor agreement, and therefore, completely preempted by § 301 of the Labor Management Relations Act ("LMRA").  [Doc. 1].

While Plaintiff's lawsuit was pending, the Union pursued a grievance on his behalf alleging that Plaintiff's termination violated the CBA's "force adjustment" provisions.  However, on April 18, 2019, the Union notified Plaintiff that:  (1) settlement negotiations had failed because Plaintiff would not sign a release and settlement agreement due to his pending EEOC Charge and lawsuit, (2) his grievance had been denied, and (3) the Union would not pursue arbitration.  [Doc. 16 at 11, 13].

On April 14, 2020, SWBT's counsel contacted Plaintiff's counsel to explain the deficiencies in Plaintiff's vacation pay claim and to notify him that it would be pursuing summary judgment on such grounds and seeking attorney's fees.  *See* attached as Exhibit A (confidential settlement communications have been redacted).  In response, Plaintiff's counsel stated that if SWBT did not accept Plaintiff's settlement demands, he would amend Plaintiff's Complaint to assert an additional claim for severance pay.  *Id.*  SWBT's counsel replied that Plaintiff did "not have a viable claim for severance pay **because, among other things, it is time-barred**," explaining that over a year had passed since the Union had notified Plaintiff it would not pursue arbitration.  *Id.* (emphasis added).  SWBT's counsel gave Plaintiff's counsel this information "so [they] could avoid the time and expense of litigating a futile amendment."  *Id.*

SWBT's counsel further noted that if Plaintiff attempted to amend his Complaint to assert a severance pay claim, SWBT would "seek attorney's fees for having to defend against a frivolous claim." *Id*.

Despite SWBT's attempts to dissuade Plaintiff from proceeding with a futile amendment, on April 27, 2020, Plaintiff filed his Motion, asserting claims for vacation and severance pay under § 301 of the LMRA and a claim for declaratory relief. [Doc. 16]. SWBT filed a response opposing all aspects of Plaintiff's proposed amendment, except for Plaintiff's request to substitute SWBT as the proper defendant, and noted that if the Court denied Plaintiff's Motion, it would seek attorneys' fees. [Doc. 17].

On September 30, 2020, the Court granted Plaintiff's Motion in part only to the extent that SWBT was substituted as the proper defendant in this lawsuit and denied the Motion in all other respects. [Doc. 25 at 4-5]. The Court specifically found that Plaintiff's proposed § 301 claims were untimely, and his proposed amendment was futile. [Doc. 25 at 3]. Additionally, Plaintiff had no basis for requesting declaratory judgment because he had not asserted any Title VII, ADA, or FMLA claims and his proposed § 301 claims were untimely. The Court further noted that if SWBT wished to pursue sanctions, it could submit an appropriate motion for attorneys' fees and costs.

**III.**
**ARGUMENT**

**A.**    **An Award of Attorneys' Fees Against Plaintiff's Attorney is Appropriate Under 28 U.S.C. 1927.**

SWBT is entitled to the attorneys' fees it incurred in responding to Plaintiff's Motion under 28 U.S.C. § 1927, which provides that "any attorney…who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." The

Fifth Circuit has held that this standard requires "evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court." *Lawyers Title Ins. Corp. v. Doubletree Partners, L.P.*, 739 F.3d 848, 871 (5th Cir. 2014). The liability created under § 1927 is intended for excessive costs due to persistent prosecution of a meritless claim. *Browning v. Kramer*, 931 F.2d 340, 344 (5th Cir. 1991).

Here, Plaintiff's counsel filed a motion that attempted to assert claims clearly barred by the statute of limitations. In doing so, Plaintiff's counsel ignored SWBT's counsel's explicit warning that such claims were time-barred, the legal authority directly supporting SWBT's position, and SWBT's counsel's admonition that SWBT would pursue sanctions if Plaintiff's counsel proceeded with filing the Motion. Plaintiff's counsel's failure to investigate whether the proposed claims were viable after such notice thus constitutes recklessness and bad faith. Further, it caused SWBT to incur unnecessary fees to oppose the Motion—the exact outcome SWBT tried to avoid by warning Plaintiff's counsel about the LMRA's statute of limitations. Therefore, an award of SWBT's attorneys' fees against Plaintiff's counsel under 28 U.S.C. § 1927 is appropriate.

**B.**     **An Award of Attorneys' Fees Against Plaintiff and/or His Attorney Is Also Appropriate Under the Court's Inherent Power.**

To the extent the Court finds that an award of attorneys' fees is not appropriate under 28 U.S.C. § 1927, SWBT requests that the Court award attorneys' fees pursuant to its inherent authority to sanction a party who has acted "in bad faith, vexatiously, wantonly, or for oppressive reasons." *F.D. Rich Co. v. United States ex rel. Indus. Lumber Co.*, 417 U.S. 116, 129 (1974). Sanctions for such conduct "serv[e] the dual purpose of vindicating judicial authority without resort to the more drastic sanctions available for contempt of court and making the prevailing party whole for expenses caused by his opponent's obstinacy." *Chambers v. NASCO*, 501 U.S.

32, 46 (1991).  Appropriate sanctions include the assessment of attorneys' fees.  *Id.*  (citations omitted).  While courts must exercise restraint and discretion in wielding their inherent sanction powers, they should not hesitate to use them when "neither the statute[s] nor the Rules are up to the task."  *Chambers*, 501 U.S. at 50.

In this case, to the extent that the Court finds that any of the fees requested by SWBT fall outside the provisions of 28 U.S.C. § 1927, SWBT respectfully requests that the Court utilize its inherent power to sanction.  As set forth fully above, Plaintiff and his counsel had no arguable legal grounds to assert LMRA or declaratory judgment claims.  SWBT's counsel alerted Plaintiff's counsel to the fatal flaws in Plaintiff's proposed claims, yet Plaintiff proceeded to file the Motion anyway.  This conduct constitutes justifies an exercise of the Court's inherent sanction power.

**C.**    **SWBT's Requested Attorneys' Fees Are Reasonable.**

Once a court has determined that a movant is entitled to attorneys' fees, then it must determine the amount, which is subject to the court's discretion.  *Hopwood v. Texas*, 236 F.3d 256, 277 (5th Cir. 2000).  The calculation of reasonable attorney's fees involves a well-established two-step process.  *See Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998).  First, the court calculates a "lodestar" fee by multiplying the reasonable number of hours spent on the case by the reasonable hourly rates for the participating lawyers.  *Id.*  Second, the court considers whether the "lodestar" should be adjusted upward or downward depending on the circumstances of the case under the *Johnson* factors.  *Migis*, 135 F.3d at 1047; *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).  While *Johnson* set forth twelve factors, the Fifth Circuit has singled out four of the factors as most important: (1) the time and labor involved; (2) the customary fee; (3) the amount involved and the results obtained; and (4) the experience, reputation, and ability of counsel.  *See Migis*, 135 F.3d at 1047.  For the reasons

set forth in the Declaration of Arrissa Meyer, attached as <u>Exhibit B</u>, the requested amount of fees for the services performed is both reasonable and necessary in this matter.

**IV.**
**<u>CONLUSION</u>**

For the foregoing reasons, Defendant Southwestern Bell Telephone Company respectfully requests that the Court grant this Motion for Attorneys' Fees and find that Plaintiff and his counsel are liable to SWBT for the reasonable attorneys' fees and costs that it incurred in opposing Plaintiff's Motion for Leave to File Amended Pleading in the amount of <u>$5,800</u>.

Dated October 9, 2020                         Respectfully submitted,


                                              */s/ Arrissa K. Meyer*
                                              Arrissa K. Meyer
                                              Texas State Bar No. 24060954
                                              Jennifer A. Youpa
                                              Texas State Bar No. 01383400

                                              LITTLER MENDELSON, P.C.
                                              A Professional Corporation
                                              2001 Ross Avenue
                                              Suite 1500, Lock Box 116
                                              Dallas, TX 75201.2931
                                              214.880.8100
                                              214.880.0181 (Fax)
                                              akmeyer@littler.com
                                              jyoupa@littler.com

                                              ATTORNEYS FOR DEFENDANT
                                              SOUTHWESTERN BELL TELEPHONE
                                              COMPANY

## CERTIFICATE OF SERVICE

On this 9th day of October 2020, I electronically submitted the foregoing document with the Clerk of Court for the U.S. District Court for the Northern District of Texas – Dallas Division via the ECF system.  Said document was also electronically served and service completed via the ECF system with Notification of Service sent to the following attorneys of record:

> Jason Brian Phillips
> J. BRIAN PHILLIPS, P.A.
> P.O. Box 621176
> Orlando, FL 32862-1176
> (407) 237-0192
> Jason@jbrianphillipsesq.com

*/s/ Arrissa K. Meyer* _____

Arrissa K. Meyer

4828-4295-1117.1 061317.1600