**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **ADRIAN L. WILLIAMS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **NO. 3:18-CV-03248-M-BK** |
| | § | |
| **SOUTHWESTERN BELL TELEPHONE** | § | |
| **COMPANY,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |
| | § | |

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND BRIEF IN SUPPORT

Pursuant to Federal Rule of Civil Procedure 56, Defendant Southwestern Bell Telephone Company ("SWBT" or "Defendant") files this Motion for Summary Judgment on the grounds that Plaintiff Adrian L. Williams's ("Plaintiff") claim for vacation pay is preempted by § 301 of the Labor Management Relations Act ("LMRA") and must be dismissed.

**I.**
## SUMMARY OF THE ARGUMENT

In this employment-related dispute, Plaintiff alleges that SWBT "is withholding [his] vacation pay for 2018." Plaintiff's employment with Defendant was covered by a collective bargaining agreement ("CBA") between Defendant and the Communications Workers of America ("Union"). In addition to other terms and conditions of employment, the CBA governs the accrual of vacation and the payment of accrued, unused vacation upon termination. The CBA also establishes a grievance and arbitration procedure. Instead of trying to resolve his vacation pay issue through the contractual procedure, Plaintiff instead chose to file this lawsuit. However, because Plaintiff's state law claim for vacation pay alleges a breach of the CBA and

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND BRIEF IN SUPPORT**                                           **Page 1**

will require interpretation of the CBA, it is automatically preempted by § 301 of the LMRA.  As a result, Plaintiff's claim must be dismissed because he has failed to exhaust the grievance and arbitration procedure provided by the CBA before bringing this lawsuit.

## II.
## FACTUAL BACKGROUND

1.      During Plaintiff's employment with SWBT, the terms and conditions of his employment were governed by the CBA negotiated between SWBT and the Union.  *See* Ex. A, Affidavit of Joel Martin at ¶ 3, APP. 1; Ex. A-1, CBA, APP. 4-267.

2.      The CBA here is made up of two documents, the Departmental Agreement, and the Agreement of General Application.  *See* Ex. A-1, APP. 8-10.  With respect to vacation pay, Article IX of the Departmental Agreement states:

> Article IX
> VACATIONS
>
> Section 1: "[V]acations with pay shall be granted during the vacation year to each employee…**who has performed work for the Company within the vacation year**…"
>
> Section 3:  "If, before receiving the vacation to which he or she has accrued, an employee is dismissed (except for reason of misconduct) or resigns, such employee shall be entitled to an allowance in cash equal to and in lieu of such vacation."

*See id*. at 26, 28, APP. 49, 51 (emphasis added).

3.      The CBA also establishes a grievance and arbitration procedure.  Article XIX of the Departmental Agreement sets out the grievance procedure the Union must follow in presenting and discussing employee grievances with SWBT.[1]  *Id*. at 89, APP. 112.  If, after following all of the grievance procedures provided, the parties still cannot resolve their dispute,

---

[1] Article XIX provides that the "Union shall be the *exclusive* representative of all employees in the Bargaining Unit for the purposes of presenting to and discussing with the Company grievances of any and all such employees arising from employment…"  *Id*. at 89, APP. 112 (emphasis added).

then the matter must be submitted to arbitration as provided by the arbitration clause contained in Article IV of the Agreement of General Application.  *Id*. at 197-98, APP. 220-221.

4.     SWBT terminated Plaintiff's employment on March 18, 2018.  Ex. A at ¶ 5, APP. 2.  In accordance with the CBA, SWBT paid Plaintiff for his accrued, unused vacation for 2017 on March 30, 2018.  *Id*.  However, SWBT determined Plaintiff was ineligible for vacation pay for 2018 because he had been on leave and had not worked any days in 2018.  *Id*.

5.     On April 12, 2018, the Union filed a grievance alleging the Company violated the "force adjustment language in the contract" with respect to Plaintiff on March 15, 2018.[2]  *See* Ex. A-2, APP. 268, Grievance ET0412-18; Ex. A at ¶ 6, APP. 2.

6.     On April 13, 2018, the Union filed another grievance, this time alleging the Company unjustly terminated Plaintiff on March 15, 2018.  *See* Ex. A-3, APP. 269.  Grievance ET0413-18.  Grievance ET0413-18 was denied on August 6, 2018 and is considered closed.  *See* Ex. A at ¶ 8, APP. 2.

7.     The Union did not file a grievance related to Plaintiff's vacation pay for 2018.  *See id*. at ¶ 9, APP. 2.

8.     On November 8, 2018, Plaintiff filed suit in justice court, alleging that the Company was withholding his vacation pay for 2018.  [Doc. 1-1 at p. 7].  SWBT timely removed the case to this Court, on the grounds that the federal district court has federal question jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claim for vacation pay was a claim for breach of a labor agreement, and therefore, completely preempted by § 301 of the LMRA.  [Doc. 1].  Plaintiff moved to remand the case to justice court.  [Doc. 6].  On April 24, 2019, the Court

---

[2] Article XVII, "Force Adjustment," provides the method of effecting force adjustments to reduce employee headcount, including the process for notifying the Union and employees and for implementing transfers, downgrades, voluntary terminations, and involuntary layoffs until the surplus is eliminated.  *Id*. at 68, APP. 91.

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**
**AND BRIEF IN SUPPORT**                                              **Page 3**

denied Plaintiff's motion, finding his claim was preempted under § 301 not only because it sought to enforce a CBA, but also because it would require the Court to interpret the CBA. [Doc. 12 at 4].

9.      While Plaintiff's lawsuit was pending in court, the Union's force adjustment grievance proceeded through the contractual grievance process. *See* Ex. A-4, APP. 270, April 16, 2019 Letter.  On April 18, 2019, the Union notified Plaintiff that the Company had denied the grievance.  [Doc. 16 at 13].  The Union further stated that "[a]fter careful review of [Plaintiff's] file," the Union was not recommending his case for arbitration because it was "highly unlikely" that an arbitration would sustain the grievance. *Id*.

### III.
### ARGUMENT AND AUTHORITY

#### A.      Summary Judgment Standard.

A court shall grant summary judgment when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "[A] fact is genuinely in dispute only if a reasonable jury could return a verdict for the nonmoving party." *Fordoche, Inc. v. Texaco, Inc*., 463 F.3d 388, 392 (5th Cir. 2006). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If the party meets its burden, the burden shifts to the non-moving party to set forth specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(e).  The non-movant "may not rest upon the mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).  Rule 56 mandates the entry of summary judgment against a party who fails to establish "the existence of an element essential to that

party's case, and on which that party will bear the burden of proof at trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (quoting *Celotex Corp.*, 477 U.S. at 322).

**B.**   **Plaintiff's Claim for Vacation Pay Is Preempted by § 301 of the LMRA.**

As this Court has previously recognized, Plaintiff's vacation pay claim is preempted under § 301 of the LMRA.  Section 301 "governs claims founded directly on rights created by collective bargaining agreements, and also claims substantially dependent on analysis of a collective-bargaining agreement." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 394 (1987). Plaintiff's claim for his 2018 vacation pay is founded on rights created by the CBA.  However, an employee covered by a CBA may only maintain a state law contract claim where it is based on legal rights independent of the collective bargaining agreement and where the contract relied on is not the collective bargaining agreement.  *Wells v. Gen. Motors Corp.*, 881 F.2d 166, 173 (5th Cir. 1989).  As there is no independent source that gives rise to Plaintiff's right to vacation pay, his claim is automatically preempted.  *See Parham v. Carrier Corp.*, 9 F.3d 383, 390 (5th Cir. 1993) ("as [plaintiff's] claims are breach of CBA claims, preemption is automatic"). Additionally, because Plaintiff's entitlement to his 2018 vacation pay depends on the meaning and application of the vacation provisions of the CBA, the Court would necessarily have to interpret the CBA to rule on the merits in this case.

For these reasons, numerous courts have found employees' claims for vacation pay due under a CBA to be preempted.  *Nat'l Metalcrafters, Div. of Keystone Consol. Indus. v. McNeil*, 784 F.2d 817, 824 (7th Cir. 1986) (holding § 301 preempted state law claim for pay vacation benefits because deciding whether the employer complied with its contractual obligations necessarily required an interpretation of the collective bargaining agreement); *Robinson v. V&S Detroit Galvanizing, LLC*, 195 F. Supp. 3d 916, 922 (E.D. Mich. 2016) (concluding that

resolving Plaintiff's state law claim would require this Court to interpret the terms of the CBA because whether Plaintiff is entitled to vacation benefits depended upon the terms of the CBA); *Mitchell v. Globe Newspaper Co., Inc*., 602 F. Supp. 2d 258 (finding Massachusetts Wage Act claim preempted by § 301 because the court would be required to determine what vacation pay was due under the CBA); *Salamea v. Macy's E., Inc*., 426 F. Supp. 2d 149 (S.D.N.Y. 2006) (finding state law claims preempted because "the CBA contain[ed] detailed requirements for an employee to be eligible for vacation benefits," and the parties "dispute[d] as to whether [plaintiff] was entitled to" those benefits); *United Food & Commercial Workers Local 1179 v. S & K Toyota*, 1990 U.S. Dist. LEXIS 14462 (N.D. Cal. Oct. 18, 1990) (finding vacation pay claim preempted under § 301).  Consequently, Plaintiff's vacation pay claim is also preempted by the LMRA.

**C.      Plaintiff's Claim Must Be Dismissed Because He Failed to Exhaust the Grievance and Arbitration Process.**

As a result of this complete preemption, Plaintiff's claim must either be dismissed or proceed under § 301.  *See, e.g., DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 164-65 (1983).  In this case, dismissal is required because Plaintiff failed to exhaust the contractual remedies set forth in the CBA before filing suit.  *Id*. at 163-65.

It is well established that as a prerequisite to an action under § 301, employees are required to exhaust any exclusive grievance and arbitration procedures established by the applicable collective bargaining agreement.  *See Vaca v. Sipes*, 386 U.S. 171, 184 (1967); *Republic Steel Corp. v. Maddox*, 379 U.S. 650, 652-53 (1965) ("Federal labor policy requires that individual employees wishing to assert contract grievances must attempt use of the contract grievance procedure agreed upon by employer and union as the mode of redress)."  To allow

otherwise would "deprive [the] employer and union of the ability to establish a uniform and exclusive method for orderly settlement of employee grievances." *Republic Steel Corp.*, 379 U.S. at 653.  Therefore, where an individual's state law claim is preempted by federal law and may only be brought as a § 301 claim under the LMRA, it may be dismissed where the employee failed to exhaust the grievance and arbitration procedures set forth in the agreement. *Baker v. Farmers Elec. Co-op., Inc.*, 34 F.3d 274, 285 (5th Cir. 1994) (affirming district court's dismissal of breach of contract claim with prejudice where plaintiff failed to utilize the grievance procedures under the CBA).

The CBA here is made up of two documents, the Departmental Agreement, and the Agreement of General Application.  Ex. A-1, APP. 4-267.  Article XIX of the Departmental Agreement sets out the grievance procedure the Union must follow in presenting to and discussing employee grievances with SWBT.  *Id*. at 89, APP. 112.  If, after following all of the grievance procedures provided, the parties still cannot resolve their dispute, then the matter must be submitted to arbitration as provided by the arbitration clause contained in Article IV of the Agreement of General Application.  *Id*. at 198, APP. 221; *see also Commc'ns. Workers of Am. v. Sw. Bell Tel. Co*., A-17-CV-1221, 2018 U.S. Dist. LEXIS 97897, *6-7 (W.D. Tex. June 12, 2018) *adopted by* 2018 U.S. Dist. LEXIS 173474 (W.D. Tex. Sept. 11, 2018) (analyzing same CBA and noting it was undisputed that arbitration clause is mandatory and that grievances regarding matters covered in the Departmental Agreement are subject to the grievance and arbitration clauses).  The types of grievances that may be submitted to arbitration include, among others, those regarding "the true intent and meaning of any specific provision" as well as "the application of any provision or provisions thereof to any employee or group of employees, and grievances arising from such application."  Ex. A-1 at 198, APP. 221.  The CBA further provides

that the decision of the arbitrator is "final" and that the parties have agreed "to be bound and to abide by such decision." *Id*. at 199, APP. 222.

Despite these express provisions, Plaintiff did not file a grievance against SWBT for his 2018 vacation pay through the Union or otherwise attempt to exhaust the applicable grievance and arbitration procedure in the CBA with respect to this claim. Although the Union filed two grievances on Plaintiff's behalf, neither one alleged a breach of Article IX or concerned Plaintiff's vacation pay. *See* Ex. A-2, APP. 268 and A-3, APP. 269. Because Plaintiff cannot establish that he exhausted the grievance and arbitration procedure set forth in the CBA with respect to his vacation pay claim, he is precluded from pursuing a claim under § 301 of the LMRA, and his breach of contract claim should be dismissed with prejudice. *See Commc'ns. Workers of Am.*, A-17-CV-1221, 2018 U.S. Dist. LEXIS 97897, at *11-12 (dismissing § 301 claim where Union failed to exhaust mandatory grievance/arbitration procedure contained in same CBA before filing suit); *see also NFL Players' Ass'n v. NFL*, 874 F.3d 222, 226 (5th Cir. 2017) (noting the failure to 'fully exhaust[ ]' contracted for 'grievance procedures' places an employee's claim for breach of a collective bargaining agreement beyond 'judicial review'").

## IV.
## CONCLUSION

Plaintiff cannot maintain his claim for vacation pay against SWBT because it is preempted by § 301 of the LMRA and Plaintiff has failed to exhaust the contractual grievance and arbitration procedures. Therefore, Plaintiff's claim against SWBT must be dismissed. According, SWBT respectfully requests that this Court grant its Motion for Summary Judgment, enter an Order dismissing Plaintiff's claim against SWBT with prejudice, and grant SWBT any other legal or equitable relief to which it may be entitled.

Dated November 23, 2020                    Respectfully submitted,


                                           /s/ Arrissa K. Meyer
                                           Arrissa K. Meyer
                                           Texas State Bar No. 24060954
                                           Jennifer A. Youpa
                                           Texas State Bar No. 01383400

                                           LITTLER MENDELSON, P.C.
                                           A Professional Corporation
                                           2001 Ross Avenue
                                           Suite 1500, Lock Box 116
                                           Dallas, TX  75201.2931
                                           214.880.8100
                                           214.880.0181 (Fax)
                                           akmeyer@littler.com
                                           jyoupa@littler.com

                                           ATTORNEYS FOR DEFENDANT
                                           SOUTHWESTERN BELL TELEPHONE
                                           COMPANY

## <u>CERTIFICATE OF SERVICE</u>

On this 23rd day of November 2020, I electronically submitted the foregoing document with the Clerk of Court for the U.S. District Court for the Northern District of Texas – Dallas Division via the ECF system.  Said document was also electronically served and service completed via the ECF system with Notification of Service sent to the following attorneys of record:

> Jason Brian Phillips
> J. BRIAN PHILLIPS, P.A.
> P.O. Box 621176
> Orlando, FL 32862-1176
> (407) 237-0192
> Jason@jbrianphillipsesq.com

*/s/ Arrissa K. Meyer*
Arrissa K. Meyer

4848-1240-3666.1 061317.1600