IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ADRIAN L. WILLIAMS, | § | |
|     PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 3:18-CV-3248-M-BK |
| | § | |
| SOUTHWESTERN BELL TELEPHONE | § | |
| COMPANY, | § | |
|     DEFENDANT. | § | |

## ORDER

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the United States magistrate judge for pretrial management. Doc. 2. The Court now considers Defendant's *Motion for Attorneys' Fees*. Doc. 26. Upon review, the motion should be **DENIED**.

### I.    BACKGROUND

Plaintiff filed suit in state court alleging a breach of contract claim against Defendant. Doc. 1-1 at 7. Former Defendant AT&T Communications of Texas, LLC, removed the case to this Court on the basis of federal question jurisdiction. Doc. 1. After removal, Plaintiff filed a motion for leave to amend, Doc. 16, asking to substitute Defendant Southwestern Bell Telephone Company ("SWBT") as the proper defendant and add claims seeking declaratory relief and specific performance. Doc. 16. The Court granted the motion in part, substituting SWBT as defendant but denying leave to add more claims. Doc. 25 at 4. As is important to the determination of the motion *sub judice*, the Court specifically determined that Plaintiff's proposed claim for specific performance was barred by the statute of limitations and that his proposed amendment was futile because it did not contain any viable causes of action to support

a declaratory judgement.  Doc. 25 at 4.  Defendant's counsel subsequently filed this motion for attorneys' fees against Plaintiff and his counsel for attempting to assert frivolous claims in the motion for leave to amend.  Doc. 26.

## II.  APPLICABLE LAW

In federal practice generally, "each party should bear the costs of its own legal representation." *F.D. Rich Co. v. United States ex rel. Indus. Lumber Co.*, 417 U.S. 116, 129 (1974).  Under exceptional circumstances though, "attorney's fees may be awarded to a prevailing party when his opponent has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc*, 501 U.S. 32, 44-45 (1991).  District courts have this inherent power to shift fees and sanction attorney's misconduct.  *F.D. Rich Co.*, 417 U.S. at 129.

Along with court's inherent authority to punish bad faith actions, Section 1927 also gives courts the power to sanction "any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously" by requiring the attorney "to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct."  28 U.S.C. § 1927.  The district court has broad discretion to grant Section 1927 sanctions.  *Yankee Enterprises, Inc. v. Dunkin' Donut Inc*, 145 F.3d 360 (5th Cir. 1998).  Such sanctions, however, require "evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court." *Edwards v. General Motors Corp.*, 153 F.3d 242, 246 (5th Cir. 1998).

## II.     ANALYSIS

Defendant asserts that Plaintiff's attempt to amend its pleading willfully ignored the applicable statute of limitations and caused Defendant to incur unnecessary legal fees responding to Plaintiff's motion.  Doc. 26 at 4.  Defendant also claims he gave Plaintiff an opportunity to

avoid this situation and the associated costs—Defendant's counsel allegedly warned Plaintiff of the pleading's deficiencies prior to Plaintiff filing its motion and informed him that if he proceeded with the claims, Defendant would seek attorneys' fees. Doc. 26 at 1-3; Doc. 26-1 at 2. Defendant maintains an award of attorneys' fees is appropriate because Plaintiff's counsel's alleged failure to investigate the viability of the proposed claims and his disregard for Defendant's counsel's explicit warning are evidence of recklessness and bad faith. Doc. 26 at 4. Defendant asks the Court to order both Plaintiff and his counsel to pay the "costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Doc. 26 at 4; *see* 28 U.S.C. § 1927. Alternatively, Defendant asks the Court to sanction Plaintiff under its inherent authority. Doc. 26 at 4; *see F.D. Rich Co.*, 417 U.S. at 129 (Court held attorney's fee is an appropriate inherent sanction when a party has acted "in bad faith, vexatiously, wantonly, or for oppressive reasons").

In response, Plaintiff argues that applying Section 1927 sanctions would be abusive and oppressive. Doc. 27 at 1. Plaintiff argues Section 1927 sanctions are inapplicable because that statute authorizes sanctions primarily of attorneys who unreasonably "multiply the proceedings in any case," which has not occurred here. Doc. 27 at 6; *see* 28 U.S.C. § 1927. Plaintiff contends that because he properly filed a singular motion for leave to file an amended complaint, sanctions are not warranted.[1] Doc. 27 at 1.

**A. 28 U.S.C. § 1927 Sanctions:**

Section 1927 provides for the imposition of sanctions when an attorney "multiples the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927. "Under § 1927, only

---

[1] Plaintiff also argues the Court committed "reversible error" by denying his Motion for Leave to File amended Pleading and that it should "abandon its previous ruling." Doc. 27. This argument is not germane to the instant motion; thus, the Court does not consider it.

those fees and costs associated with 'the persistent prosecution of a meritless claim' may be awarded." *Browning v. Kramer*, 931 F.2d 340, 345 (5th Cir. 1991) (quoting *Thomas v. Capital Sec. Serv., Inc.*, 836 F.2d 866, 875 (5th Cir. 1988) (en banc)). Moreover, to prevail under § 1927, "the claimant must prove, by clear and convincing evidence, that *every facet* of the litigation was patently meritless, . . . and counsel must have lacked a reason to file the suit and must wrongfully have persisted in its prosecution through discovery, pretrial motions, and trail." *See Procter & Gamble Co. v. Amway Corp.*, 280 F.3d 519, 526 (5th Cir. 2002) (emphasis in original, quotation omitted)).

That standard is not met here. Plaintiff's single motion for leave to amend, albeit it frivolous as to the proposed new claims, nevertheless was not the kind of pervasive and persistent conduct contemplate under § 1927. The Court cannot conclude based on such isolated behavior "that *every facet* of the litigation was patently meritless." *Procter & Gamble Co., 280 F.3d at 526*.

### B.  Inherent Authority Sanctions:

While the "American Rule" prohibits fee shifting in most cases, *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 259 (1975), as Defendant correctly notes, federal courts nevertheless possess the inherent power to manage their own proceedings, including awarding attorney's fees and costs as a sanction. *F.D. Rich Co.*, 417 U.S. at 129. Assessing attorneys' fees as a sanction is available, for example, where either party delays or disrupts the proceedings, willfully disobeys court orders, or hampers a court order's enforcement. *Hutto v. Finney*, 437 U.S. 678 (1978). But the bar to impose sanctions under the court's inherent authority is high— the Court of Appeals for the Fifth Circuit has narrowed the instances the court's inherent power can be applied to only those where "fraud has been practiced upon it, or that the very temple of

4

justice has been defiled." *See Boland Marine & Manufacturing Co. Rihner*, 41 F.3d 997, 1005 (5th Cir. 1995) (quoting *Chambers,* 501 U.S. at 44-45, 46).

That standard is not met here. Although the Court denied Plaintiff's *Motion for Leave to File Amended Pleading* to the extent that the new claims were untimely and futile, *see* Doc. 25, the denial only spoke to effectiveness of the claim and did not comment on whether Plaintiff's counsel was unreasonable and vexatious for filing it. Though Defendant warned Plaintiff of the potential deficiencies of his new claims, Doc. 26-1 at 2, the mere fact that Plaintiff disagreed with Defendant's assessment and filed the motion anyway is not a reasonable basis for sanctions. Such is the nature of litigation—parties will disagree on the applicability of a law or claim, and the courts determine who prevails. Though some conduct in such context can amount to bad faith, filing and failing to prevail on one motion does not.

## IV.  CONCLUSION

For the reasons above, Defendant's *Motion for Attorneys' Fees*, Doc. 26, is **DENIED**.

**SO ORDERED** on  July 15, 2021.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE